[No. 12347. Department One. April 29, 1915.]

F. E. THOMPSON *et al.*, *Respondents*, v. GEO. W. JACKSON, *Administrator etc.*, *Appellant*.[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—CARE OF DECEASED—EVIDENCE—SUFFICIENCY. A claim against an estate for board, expenses and services rendered to the deceased in a filial relation, is substantiated, and the verdict of a jury thereon will be sustained, where it appears that the deceased was old, ill, and helpless, that he had been in the habit of staying with strangers and paying for his board, until his condition required much attention and the person keeping him refused to longer do so, and sent for claimants to take and care for him; that the services were performed, a partial liability admitted, and none of the other children had taken any care of the deceased.

Appeal from a judgment of the superior court for Columbia county, Miller, J., entered May 29, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for services rendered. Affirmed.

[1]Reported in 148 Pac. 5.

*R. M. Sturdevant,* for appellant.

*Leon B. Kenworthy,* for respondents.

Holcomb, J.—Respondents sued to recover, on a first cause of action, for board and lodging, moneys paid for traveling expenses and for laundry, for Frank Thompson, deceased (who was the father of F. E. Thompson), alleged to have been furnished at the special instance and request of deceased, in the sum of $606.65, and interest; and upon a second cause of action, for services in nursing said deceased by respondent Geneva May Thompson, amounting to $1,300 and interest. The claims had been presented to the administrator, and the first claim was allowed for $250 and rejected as to the balance, and the claim for nursing rejected *in toto.* Issues being joined, the case was tried to the court and a jury, and the jury awarded the sum of $650, with interest from the date of the death of Frank Thompson.

The principal contentions of appellant are, (1) that no agreement was shown whereby the decedent agreed to pay for the board, lodging and services; and (2) that, during the time alleged, the deceased was residing with, and as a member of, the family of respondents.

The evidence is meager as to any agreement, but there was some evidence, by a stranger to the transaction, of an admission by Frank Thompson before his decease to the effect that he expected to pay respondents for his maintenance. There is also evidence to show that he was old, feeble, and, at times, very ill and helpless; that he required some special care all the time after going to respondents' house; that he had been in the habit of staying with strangers and paying for his board and lodging, but that he had gotten so that he could not control the movements of his bowels and bladder, and the person with whom he had been boarding and lodging refused to keep him, and caused the respondents to be sent for to take and care for him. The record shows that he had other children, none of whom took him to care for.

The jury found the facts on somewhat conflicting evidence, and in view of the further fact that appellant admitted a liability to the extent of $250, we do not feel impelled to examine and weigh the authorities on filial duties and voluntary services. The recovery is sustained by: *Morrissey v. Faucett*, 28 Wash. 52, 68 Pac. 352; *Key v. Harris*, 116 Tenn. 161, 92 S. W. 235, 8 Am. & Eng. Ann. Cas. 200.

The judgment is affirmed.

MORRIS, C. J., PARKER, CHADWICK, and MOUNT, JJ., concur.